# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| CODY COFER, | ) |
| Plaintiff, | ) No. 2:10-cv-00059 |
| | ) Judge Campbell |
| v. | ) |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT MEDICAL STAFF, | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Cumberland County Justice Center in Crossville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). He alleges that "the Cumberland County Sheriff's Department Medical Staff" violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment by failing to provide him with dental treatment for his broken teeth, which led to a gum infection. He seeks damages for his pain and suffering and asks the court to direct that he receive dental treatment at the county's expense.

### I. Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

1

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

## II. Section 1983 Standard

Mr. Cofer alleges a § 1983 claim against "the Cumberland County Sheriff's Department Medical Staff." To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Analysis of Section 1983 Claim

According to the complaint, the plaintiff has been incarcerated at the Cumberland County Sheriff's Department for the past nineteen (19) months. During this time, the plaintiff alleges that he has asked the medical staff to provide treatment for his "broken off" teeth. He alleges that the medical staff advised him that they do not perform surgery at the facility in which he is presently confined and that he would need to wait until he went to prison or went home for the surgery . The

2

plaintiff alleges that his gums have become infected due to the medical staff's refusal to treat his dental problems. (Docket No. 1 at p.5).

As stated above, § 1983 creates a cause of action against any "person" who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). The plaintiff's § 1983 complaint identifies "the Cumberland County Sheriff's Department Medical Staff" as the only defendant. (Docket No. 1 at p. 4). However, a jail's medical department is not a "person" for § 1983 purposes; therefore, the plaintiff cannot name a medical department as a defendant but rather must name individual persons as defendants. *See Brown-Rogers v. Bradley County Jail Med. Dep't,* 2007 WL 1490538, at *3 (E.D. Tenn. May 21, 2007)(noting that a jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued); *Sullivan v. Hamilton County Jail Staff,* 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006)(same). Accordingly, Plaintiff Cofer's claim against "the Cumberland County Sheriff's Department Medical Staff" fails as a matter of law.

The plaintiff identifies one individual, "Doctor/P.A. - name Lyle Craft" by name in the "Statement of Facts" section of his complaint. (Docket No. 1at p. 5). However, the plaintiff does not name Mr. Craft as a defendant on page four (4) of his complaint. (*Id*. at p.4). The plaintiff does not allege any unconstitutional act attributable to Mr. Craft in the "Statement of Facts" or elsewhere in the complaint. (*Id*.) Under these circumstances, the court cannot and will not assume that the plaintiff intended to bring suit against Mr. Craft individually.

3

Construing the plaintiff's *pro se* pleadings liberally, however, the court reads the plaintiff's complaint as an attempt to state a § 1983 claim against Cumberland County, the entity responsible for operating the Cumberland County Jail through the Cumberland County Sheriff's Department. *See Brown-Rogers v. Bradley County Jail Med. Dep't,* 2007 WL 1490538, at *4 (E.D. Tenn. May 21, 2007)(after finding that the Bradley County Jail medical department was not an entity subject to suit, court assumed claims against the medical department were brought against the Bradley County Sheriff's Department "which translates to Bradley County as the real party in interest."); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). For Cumberland County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by Cumberland County. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell,* 436 U.S. at 689-90; *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996).

Dental conditions, like other medical conditions, may be of varying severity. The standard for Eighth Amendment claims under the conditions alleged contemplates "a condition of urgency" that may result in "degeneration" or "extreme pain." *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). A cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered . . . ," *id*. at 703; *see Fields v. Gander*, 734 F.2d 1313, 1314-15 (8th Cir. 1984)("severe pain" due to infected tooth), the deterioration of teeth due to a lack of treatment, *see Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995)(three-week delay in dental treatment aggravated problem), or the inability to engage in normal activities, *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989)(plaintiff complained that he was unable to eat properly).

4

Here, albeit inartfully worded, the plaintiff alleges that the Cumberland County Sheriff's Department has a policy or custom of denying dental treatment (specifically, dental surgery) to inmates, in particular to those inmates who are expected to transfer to a prison after their confinement at the Cumberland County Sheriff's Department. (*See* Docket No. 1 at p. 5)("The response I got when I saw the Medical Staff was they don't do surgery and I was asked if I was going to prison an [sic] if so, Just wait until you get there, or Just simply wait until you go home."). The plaintiff alleges that the implementation of this policy resulted in aggravated dental problems, pain, and an infection for him because he was denied dental treatment *for nineteen (19) months*, which is not an insignificant period of time. The plaintiff asserts that he has "repeatedly" asked the medical staff to address his dental problems and his requests have been denied. (*Id*. at p. 3).

The plaintiff's *pro se* complaint can be read to allege that Cumberland County's policy or custom of denying dental treatment to inmates, which is implemented by the Sheriff's Department as an arm of the County, violated this plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Notably, the plaintiff alleges that he has suffered an injury (a gum infection and pain) as a result of this claimed constitutional violation. As a result, the court finds that the plaintiff has stated a non-frivolous Eighth Amendment claim under § 1983 against Cumberland County, Tennessee. Of course, the court is unable to determine whether Mr. Cofer ultimately will prevail on his claim, as all of the facts are unclear at this early stage of the proceedings.

## V.     Conclusion

For the reasons explained above, the plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against the Cumberland County Sheriff's Department Medical Staff will be dismissed. However, the court finds that the plaintiff has stated a colorable Eighth Amendment claim under § 1983 based

5

Case 2:10-cv-00059   Document 7   Filed 08/13/10   Page 5 of 6 PageID #: 24

on the failure to provide dental treatment to inmates against Cumberland County. 28 U.S.C. § 1915A(b).

An appropriate Order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge